## Commonwealth v. Peck.

*Waters — Fishing — Trespassing—Claim by prescription—Adverse use— Notice under Act of April 14, 1905.*

1. The use of lakes during certain seasons of the year for fishing and boating purposes, gives no title or right to use the water for those purposes by reason of adverse use for twenty-one years.

2. Nor does the mere fact that a person has a title to a lot which abuts on a lake give him the right to use the waters of the lake.

3. Where such owner recognizes the title of the owner of the lake by paying to him a fee for the use of the lake for fishing purposes, he cannot set up a right acquired by prescription.

4. A notice is sufficient, under the Act of April 14, 1905, P. L. 169, which states that a lake is private property, warning all persons from trespassing thereon, and that violators will be prosecuted according to law.

Appeal from summary conviction. Q. S. Wayne Co., June T., 1922, No. 25.

*A. G. Rutherford,* for Commonwealth; *M. E. Simons,* for defendant.

BALDRIGE, P. J., specially presiding, Sept. 9, 1922.—The Lake Ladore Improvement Company is the owner of a tract of land containing about 200 acres, which is covered by water and is known as Elk Lake. The defendant is the owner of a lot of ground that abuts on the lake. In 1921 he was boating and fishing in the lake and was arrested for, and convicted of, trespassing for so doing.

The defendant contends that the conviction should not stand, for the reason that he has acquired the right by prescription to use the lake for fishing and boating purposes, and, further, that notice was not given by the owner of the lake that it was private property and that trespassing thereon was forbidden under the Act of April 14, 1905, P. L. 169.

The testimony taken indicated that the defendant's predecessor had for more than twenty-one years used the lake for fishing and boating purposes. Such use, however, did not create a prescriptive right to this defendant, as it was not such a continuous, uninterrupted use of the property as to create an easement. There was no contention that there was ever a private grant to use the water, and it cannot be presumed from the mere uninterrupted use and enjoyment of the waters in common with others during the summer that the defendant acquired the right by prescription. The use of lakes by people during certain seasons of the year for boating and fishing purposes gives no title or right to water by reason of an adverse usage thereof: 26 Corpus Juris, 607; nor does the mere fact that the defendant has a title to a lot which abuts on the lake give the defendant the right to use the waters of the lake: Baylor *v.* Decker, 133 Pa. 168; Smoulter *v.* Boyd, 209 Pa. 146; Fuller *v.* Cole, 33 Pa. Superior Ct. 563.

Even if the law permitted an easement to be acquired to water for boating and fishing purposes by prescription, the defendant in this case in 1919 recognized the title of the Lake Lodore Improvement Company to the lake and paid a fee for permission to use the lake for fishing purposes. He could not, therefore, set up a right acquired by prescription.

The defendant contends, further, that the owner of the lake neglected to post the lake in accordance with the Act of 1905. It is true that the notice did not follow the language of the statute, but the notice posted contained the essential information that the lake was private property, warning all persons from trespassing thereon, and that violators would be prosecuted according to law. This is such a substantial compliance with the act as to give the defendant notice. The defendant did not contend that he did not know that this was private property and that using the lake was forbidden without

2 D. & C.

Commonwealth v. Peck.

express permission. His payment of the fee the preceding year shows conclusively that he knew that the property was owned privately.

We find nothing, therefore, in this testimony that would warrant the setting aside of this conviction. This appeal is, therefore, refused and judgment entered against the defendant is hereby sustained.